Taxi.ob. Chief Justice,
delivered the opinion of the Court:
The sole question is, whether the paper writing which the prisoner has been convicted of forging, is a receipt for money, within the act of 1801, c. 6. The necessary effect of setting up sue!) a paper against Logan, provided it were genuine, was to discharge the prisoner from all such demands of Logan, as come within the denomination of a book account. To acknowledge' the receipt of a book account in full, is equivalent to an acknowledgement, that the amount of the account has been paid. Had the paper omitted the words “ in full” its meaning would have been equivocal, and it might have been difficult to pronounce, whether Logan had received a book account belonging to Dalton or himself; that is, a book account kept by Dalton against Logan, or payment of an account which Logan exhibited against Dalton. But the language in which it is expressed, leaves no doubt that it purports to be-a receipt or acknowledgement of payment on the part of Logan of his account against Dalton. Is it, then, to be understood as a receipt for money ? An account is a register of facts relating to money, which, when kept in a book, is thence called a hook account. Money has become the universal instrument of commerce, by the intervention of which goods of all kinds are bought and sold. Accounts are kept in money j and a creditor may always exact it in preference to any commodify. When debts are paid in money, it is according to the usual mode of business j when they are paid in any thing else, it is in consequence of some special agreement of ihe parties. When one says, he lias paid or received a debt, we understand, without further explanation, that he lias paid or received it in money. If a creditor put at the foot of an account, ei Received the *5 above in full,” we infer that he has received the money, because the account is so kept. It would be doing violence to the import of language, and to our understanding of the settled mode of transacting business, to construe this receipt in any other manner. The Law must bear' upon the dealings of men, in the way of their daily course and practice ; but if this paper be not a receipt for money, then all the purposes of forgery may be successfully accomplished, without incurring the penalty of the crime. A paper shall he available as a receipt for money, because it is so understood by every man who reads it; still as it omits the word money, it does not come within the statute!
We think the conviction is proper, and that the judgment of the Law, as prescribed in the act of 1801, c. 6, ought to be passed on the prisoner.
Let that opinion be certified to the Superior Court of Rutherford.